IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ITG BRANDS, LLC, | § | |
| | § | |
| Plaintiff-Counterclaim | § | Nos. 453, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2017-0129 |
| REYNOLDS AMERICAN INC. and | § | |
| R.J. REYNOLDS TOBACCO | § | |
| COMPANY, | § | |
| | § | |
| Defendants-Counterclaim | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: October 31, 2019
Decided: November 7, 2019

Before **VALIHURA**, Acting Chief Justice;* **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal and the documents attached thereto, it appears to the Court that:

(1)     This interlocutory appeal arises from part of a Court of Chancery opinion and order deciding cross-motions for partial judgment on the pleadings.[1] The following events led to this ruling.  In July 2014, Reynolds American Inc. agreed

---

* Pursuant to Del. Const. Art. IV §§ 2, 13.
[1] *ITG Brands, LLC v. Reynolds Am. Inc.*, 2019 WL 4593495 (Del. Ch. Sept. 23, 2019).

to sell four cigarette brands owned by its subsidiary, R.J. Reynolds Tobacco Company ("Reynolds Tobacco" and together with Reynolds American Inc. ("Reynolds")), to ITG Brands, LLC ("ITG Brands"). As part of the Asset Purchase Agreement, ITG Brands agreed to use its reasonable best efforts to assume Reynolds Tobacco's obligations for post-closing cigarette sales under settlement agreements that Reynolds Tobacco had previously entered into with Florida, Minnesota, Mississippi, and Texas. The transaction closed in June 2015, but ITG Brands has not yet assumed Reynold Tobacco's obligations under the settlement agreements with Florida, Minnesota, and Texas. A Florida state court judgment against Reynolds Tobacco for approximately $93 million in unpaid settlement payments since the closing of the ITG transaction is currently on appeal.

(2) On February 17, 2017, ITG Brands filed an action for injunctive and declaratory relief against Reynolds in the Court of Chancery. Reynolds filed counterclaims. Earlier this year the parties filed cross-motions for partial judgment on the pleadings on the issue of whether the Asset Purchase Agreement required ITG Brands to indemnify Reynolds for the amount of the Florida state court judgment against Reynolds Tobacco. Reynolds also moved for partial judgment on the pleadings on the ground that ITG Brands was not entitled under the Asset Purchase Agreement to demand, as a condition to joining settlement agreements, protection

from making payments under equity fee statutes in states like Florida that have not enacted such statutes.[2]

(3) The Court of Chancery denied the parties' cross-motions on the first issue and granted Reynolds's motion on the second issue.[3] As to the first issue, the Court of Chancery held that the relevant portions of the Asset Purchase Agreement were ambiguous.[4] As to the second issue, the Court of Chancery held that the Asset Purchase Agreement did not authorize ITG Brands to demand, as a condition to joining settlement agreements, protection from making payments under equity fee statutes in states that have not enacted such statutes.[5]

(4) ITG Brands filed a motion for entry of a partial final judgment under Court of Chancery Rule 54(b) or, in the alternative, an application for certification under Supreme Court Rule 42 solely on the Court of Chancery's ruling as to the equity fee statute issue. For certification purposes, ITG Brands argued that the ruling decided a substantial issue of material importance under Rule 42. As to the Rule 42(b)(iii) criteria, ITG Brands contended that certification would serve considerations of justice because otherwise ITG Brands would be forced to join the Florida settlement and forfeit its rights under the Asset Purchase Agreement.

---

[2] Under an equity fee statute, a state imposes fees on tobacco companies based on their cigarette sales to pay for health care costs in that state. *Id.* at *2.
[3] *Id.* at *1.
[4] *Id.* at *9.
[5] *Id.* at *12.

Reynolds opposed the motion and application. As to the application for certification, Reynolds argued that the ruling did not decide a substantial issue of material importance. Reynolds also argued that none of the Rule 42(b)(iii) criteria were satisfied.

(5) On October 31, 2019, the Court of Chancery denied the motion for entry of a partial final judgment and the application for certification.[6] The Court of Chancery held that its ruling decided a substantial issue of material importance, but certification of an interlocutory appeal would not serve considerations of justice.[7] The Court of Chancery found that ITG Brands's assertion of immediate and irreparable harm was overblown and speculative, noting that Florida had not yet enacted an equity fee statute.[8] The Court of Chancery also recognized the risk of wasteful piecemeal litigation given the number of outstanding claims and the pendency of related cases in other states.[9]

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[10] In the exercise of our discretion and giving great weight to the Court of Chancery's well-reasoned denial of the application for certification,

---

[6] *ITG Brands, LLC v. Reynolds Am. Inc..* 2019 WL 5654216 (Del. Oct. 31, 2019). A corrected order was issued on November 1, 2019. *ITG Brands, LLC v. Reynolds Am. Inc..* 2019 WL 5688559 (Del. Nov. 1, 2019)

[7] *Id.* at *4.

[8] *Id.*

[9] *Id.*

[10] Supr. Ct. R. 42(d)(v).

this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[11] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[12]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Acting Chief Justice

---

[11] Supr. Ct. R. 42(b)(ii).
[12] Supr. Ct. R. 42(b)(iii).